SCAIFE v. SHERRIFFS. See Case No. 12,-426.

---

## Case No. 12,427.

. In re SCAMMON.

District Court, N. D. Illinois. June, 1874.

BANKRUPTCY—NUMBER AND AMOUNT OF CREDITORS — AMENDED ACT — CASES PENDING — REQUIREMENTS—VERIFICATION OF PETITION.

1. Creditors' petition must show affirmatively that the requisite number of creditors join therein. Such allegation may, however, be made upon information and belief.

2. In cases pending at the time of the passage of this amendment. the petitioning creditors must amend their petition, and insert the allegations as to number and amount of the petitioning creditors.

3. In all cases the creditors must make this allegation before the debtor can be required to show cause, or even file a schedule of his creditors.

4. Argumentum ab inconveniente can not be considered by the bankruptcy court; a creditor wishing the benefits of the law must comply with all its requirements.

5. The amended petition must be sworn to in the same manner as an original petition.

6. On the call of the calendar. a pending petition will not be dismissed. absolutely, but leave to amend will be granted.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

7. The allegation that the requisite number of creditors join in the petition, is not sufficient, even when admitted by the debtor; the court must be satisfied that such is the fact.

This was a petition in bankruptcy, filed by the United States Mortgage Company against Jonathan Young Scammon. On the signing of the amendment of June 22, 1874 [18 Stat. 178], the debtor moved to dismiss the petition on the ground that it contained no allegation as to the number and amount of petitioning creditors as required by the amended act. This motion coming up on the day for the call of the bankruptcy calendar, all attorneys interested were present; and this decision was made with reference to all cases pending in this district.

[For prior proceeding in this litigation, see Case No. 12,430.]

Walker, Dexter & Smith, for petitioning creditor.

Lyman Trumbull and Ayer & Kales, for respondent.

BLODGETT, District Judge. I must confess that the question raised is not entirely free from doubt in my own mind. But there are some provisions of the law that are sufficiently clear. The thirty-ninth section of the original bankrupt act of March 2, 1867 [14 Stat. 536], is substantially and practically repealed, and a new section enacted in place of it. The new section enumerates the acts which shall constitute acts of bankruptcy, and for which a party may be forced into involuntary or compulsory bankruptcy, and proceeds as follows:

"And, subject to the conditions hereinafter prescribed, shall be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable." Rev. St. 1874, § 5021.

Now this must be done on the petition of that number of creditors. It is manifest, then, that from the time this becomes a law no person can be adjudged a bankrupt unless the requisite number of creditors join in the petition, because it must be upon their petition; and it is very clear to me that the practice indicated by the whole tenor of the law in respect to cases hereafter commenced is, that the petition must affirmatively show that the requisite number of creditors in number and amount have united therein. I do not think, as has been urged, that this allegation as to the number of creditors must necessarily be so positive that the party could be prosecuted for perjury upon it. It may be stated (and I shall so hold, until some higher court decides the contrary) upon the information and belief of petitioning creditors, that they do constitute one-fourth in number and one-third in amount of the aggregate creditors, because we all know that creditors are very liable

to be misinformed by debtors as to the extent of their (the debtors') indebtedness. Cases occur almost daily in practice, in which debtors have represented to their creditors that they owed only a very small amount of debts, in which, when the facts came to be developed, their entire indebtedness largely exceeded the amount stated. Creditors, of course, in preparing petitions in the first instance, speak according to the light they possess at that time. I think, therefore, it will be a sufficient compliance with the provisions of the law that they state on their information and belief that they do constitute one-fourth in number and one-third in amount of the creditors of the debtor named.

Then the law provides that if the debtor wishes to traverse this allegation he can do so by a statement made in writing that the requisite number of creditors have not joined in the petition, whereupon the court shall require the debtor forthwith to file a schedule of his creditors with the court, which, of course, must be, so far as he is concerned, conclusive; and if the creditors succeed, within the time limited by the act, in obtaining the consent of the requisite number of the creditors mentioned in the schedule filed by the debtor himself, the proceedings can go on; otherwise the proceedings must lapse. It may be also found necessary in practice to adopt some rule by which the creditor may contest the truth of the schedule so filed by the debtor. So that I see no difficulty in administering the law under the amendment, in respect to cases commenced hereafter.

The only question that has given me trouble has been, how to apply the law to cases already pending, which have been commenced since the first of December last. Taking all the parts together, it appears to me that it has become necessary, since the passing of the amendatory act, that the creditors who wish to prosecute this class of cases should apply to the court for leave to amend their petitions, and join the requisite number of creditors in the prosecution of the cases. Otherwise we must hold as nugatory, and of no application, some part of the language of this section. After providing, in the way I have already read, that the person guilty of any of the several acts of bankruptcy enumerated, may be declared a bankrupt on the petition of the requisite number of creditors, the law then provides that, "in all cases commenced since the first day of December, 1873, and prior to the passage of this act, as well as those commenced hereafter, the court shall, if such allegation as to the number or amount of petitioning creditors be denied by the debtor by a statement in writing to that effect, require him to file in court forthwith a full list of his creditors, with their places of residence and the sums due them respectively, and shall ascertain, upon reasonable notice to the creditors,

whether one-fourth in number and one-third in amount thereof, as aforesaid, have petitioned that the debtor be adjudged a bankrupt." Section 5021. This clause applies as well to cases to be commenced as to cases commenced since the first of December, 1873; and, as was well remarked yesterday in the discussion of this case, it is contrary to all the analogies of pleading in other cases, that a party should be called upon to deny a statement which has not been made against him. The language of the law is: "If such allegation as to the number or amount of petitioning creditors be denied by the debtor." There must be an allegation somewhere, then. The creditors, before they can require the debtor to file a schedule of his debts, must allege, in substance, that one-fourth of the creditors in number and one-third in amount have joined in the petition, or do unite in the petition, and in the request to have the debtor adjudicated a bankrupt. There must be some allegation of that kind before he can be called upon to deny it. And I can see no special hardship in this which the law may not properly impose. A creditor who has already filed a petition may as easily obtain the consent of the requisite number to prosecute as for a creditor who is about to commence proceedings to obtain such consent as a condition precedent. It seems to me that the jurisdictional fact on which the court has the right to proceed is that the requisite number of creditors have acceded to the continuance of proceedings. The court, indeed, loses jurisdiction over the case unless it is made to appear affirmatively by the petitioning creditors that the requisite number of creditors request and demand the adjudication of the debtor as a bankrupt. The allegation (as I stated at the outset) that the requisite number of creditors have joined in the petition makes a prima facie case, makes a case on which the court can grant a rule to show cause, and the debtor is allowed the privilege of coming forward and showing that the requisite number of creditors have not joined in the petition. But it also imposes on the debtor the obligation of disclosing the number of his creditors, their places of residence, the amounts of their debts, so that their assent can be obtained within a reasonable time.

Further, I derive much support in this view of the case from the clause of the act which reads: "And if it shall appear that such number and amount have not so petitioned, the court shall grant reasonable time, not exceeding, in cases heretofore commenced, twenty days, and in cases hereafter commenced, ten days, within which other creditors may join in such petition." Section 5021.

Here is a difference of ten days given in favor of creditors who have already initiated proceedings, in the time granted within which to obtain the consent of the requisite number of creditors to the continuance of the proceed-ings. It seems to me that this clause was placed there on purpose to enable a creditor who had already instituted proceedings to take the initial step to amend his petition, and seek the co-operation of such a number of creditors as was necessary to retain the jurisdiction. It cannot be supposed from the whole language of the statute taken together, that congress intended to legislate this class of cases out of court entirely. The court cannot put that construction on the law. The only question is: Did congress intend that where a petition had been filed since the first of December, 1873, by a single creditor, representing perhaps not over $250, he should be allowed to proceed and prosecute that case to a conclusion, unless the debtor himself should come in and object and file a statement of the names of his creditors, and amounts of their respective debts, together with their residences, so that the creditor could obtain their assent? Taken with the clauses I have read, I do not think that can be construed to be the intention of the act; but it seems to me that the debtor is entitled, first, to have an allegation placed upon the record, that the requisite number of creditors do desire an adjudication. He may then deny that allegation and show that the requisite number of creditors do not desire his adjudication in bankruptcy. And when he has made that statement, the petitioning creditor has the right to take twenty days in which to obtain the assent of the requisite number. The reason for making a distinction between the time allowed in cases already pending and in cases hereafter brought, is manifestly this: Where creditors bring a case after the passage of the law, they are supposed to act in the light of what has already transpired, and have some information upon the extent of the indebtedness of the debtor. They are supposed to have investigated, so far as opportunities would enable them, the financial condition of their debtor, and ascertained approximately the facts in the case. With respect to cases commenced before the amendment went into force, they are supposed not to have made such investigation. Therefore extra time is given them before they will be put out of court. Now the creditor, under the practice suggested, in cases which are pending, could come into court and ask leave to amend his petition in the respect I have indicated. On the request being granted and the amendment made, the debtor will have the privilege, as in cases hereafter brought, of denying that the requisite number of creditors have assented. Then he will be required to file his schedule. The argument of inconvenience is one which the court cannot consider. The bankrupt law is a stringent provision for taking a man's business from his own control, and placing it in the hands of the court or his creditors for the purpose of closing his affairs. If creditors wish to do this, they must do it on the terms of the bankrupt law. The only question is, from whom shall the objection

first come, or by whom shall the allegation be first made that the requisite number of creditors have not joined in the petition for adjudication. Taking the whole scope of the act, it seems to me that in all petitions where adjudication has not already been passed, the allegation must come from the petitioning creditors, and it must be made to appear affirmatively that the requisite number do join in the petition.

Now, take section thirteen, which is an amendment of section forty of the original act. It reads as follows: "And if, on the return day of the order to show cause as aforesaid, the court shall be satisfied that the requirement of § 5021 (sec. 39) of said act as to the number and amount of petitioning creditors has been complied with, or if, within the time provided for in § 5021 (sec. 39) of this act, creditors sufficient in number and amount shall sign such petition so as to make a total of one-fourth in number of the creditors and one-third the amount of provable debts against the bankrupt, as provided in said section, the court shall so adjudge, which judgment shall be final; otherwise it shall dismiss the proceedings, and, in cases hereafter commenced, with costs."

Thus, it appears, it becomes a matter of inquiry for the court to ascertain and adjudicate upon, whether the requisite number of creditors have joined; and the reason of that is very obvious. By other provisions in this same amendment to the law, a bankrupt who is forced into bankruptcy under the compulsory clauses of the act, is discharged without reference to the amount of dividend which he pays, while a bankrupt who goes into voluntary bankruptcy must pay a dividend at the rate of thirty per cent. It is to guard against collusive proceedings on the compulsory side of the docket that this provision is made, and it is made the duty of the court to investigate and find whether the requisite number of creditors have joined in the proceedings, and whether the proceedings are in good faith. The naked allegation in the petition in regard to the number of creditors who join in the proceeding, although admitted by the debtor, does not seem to be enough, but the court must inquire into the facts and be satisfied that the requisite number of creditors have joined in the petition; and must also be satisfied that the admission of such fact, if admitted by the debtor, is made in good faith.

It is hardly necessary to say, then, that I shall hold in all pending cases that it will be necessary for the petitioning creditors to amend their petitions within a reasonable time, otherwise the cases will be dismissed.

[For subsequent proceedings in this litigation, See Cases Nos. 12,428 and 12,429.]

NOTE. That the petition should show affirmatively that the requisite number of creditors in number and amount have joined in the petition, and that this allegation may be upon information and belief, see, also, In re Scull [Case No.

12,568]; Warren Sav. Bank v. Palmer [Id. 17,207]. If the allegation in regard to the joining of the requisite proportion of the creditors in the petition is defective, it may be amended. In re McKibben [Id. 8,859]. When creditors have once joined in the petition they cannot be allowed to withdraw, if any other petitioning creditor objects. In re Heffron [Id. 6,321].